The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



**Dated: June 27 2011**

_____
Mary Ann Whipple
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 10-35882 |
| | ) | |
| Mark Paulus, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 10-3392 |
| | ) | |
| Barbara S. Paulus, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Mark L. Paulus, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM OF DECISION AND ORDER**

Plaintiff, Barbara S. Paulus, commenced this adversary proceeding against Defendant, Mark L. Paulus, her ex-husband and debtor in the underlying Chapter 7 case, in order to determine the dischargeability of an obligation to pay a credit card debt as set forth in a Judgment Entry Granting Dissolution ("Dissolution Decree") and Separation Agreement incorporated therein. Plaintiff alleges in her complaint that the Dissolution Decree requires Defendant to pay the amount owed on a joint Chase credit

card account, with an the account number ending in 5151, and to hold Plaintiff harmless with respect to that debt. [Doc. # 1, Complaint, ¶ 4]. Plaintiff also alleges that Defendant "has failed to hold [her] harmless on the aforementioned debt . . . by listing her as a co-debtor on the Petition Defendant/Debtor filed . . . and failing to maintain payments on the account." [*Id.* at ¶ 5]. Finally, Plaintiff alleges that "said obligation should be found non-dischargeable pursuant to 11 U.S.C. Section 523(a)(5) and/or 11 U.S.C. Section 523(a)(15)" and that "Plaintiff should be granted judgment holding her harmless as to this debt in the amount of $6,345.00 plus interest . . . and her costs in this action. . . ." [*Id.* at ¶ 6]. Defendant filed an answer, admitting Plaintiff's allegation in paragraph 4 of the complaint. [Doc. # 6, Answer, ¶ 4]. In his answer, Defendant also avers that "[a]ttorney for Defendant contacted Plaintiff's attorney prior to the filing of the adversary to work out a stipulation that [Defendant] would not be discharged of the debt owed to Chase Bank. At all times Defendant has acknowledged that he owes the debt to Chase regardless of the bankruptcy." [*Id.* at ¶ 4]. This adversary proceeding is now before the court on Plaintiff's unopposed Motion for Judgment on the Pleadings, seeking a determination of nondischargeability under § 523(a)(15). [Doc. # 12].

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. Proceedings to determine the dischargeability of debts are core proceedings that the court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(I). For the reasons that follow, the court will grant the Motion to the extent it seeks a determination that Defendant's obligation owed to Plaintiff pursuant to the Dissolution Decree to hold her harmless as to the Chase credit card debt is nondischargeable but will deny the Motion to the extent it seeks an award of Plaintiff's costs or a determination that the debt owed directly to Chase is nondischargeable.

## LAW AND ANALYSIS

### I. Rule 12(c) Standard

Plaintiff's Motion is brought under Rule 12(c) of the Federal Rules of Civil Procedure, made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7012(b). A Rule 12(c) motion for judgment on the pleadings is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th 2006). The proper standard for deciding a Rule 12(c) motion is the same as for a motion pursuant to Fed. R. Civ.

P. 12(b)(6). *See Comm'l Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 326 (6th Cir. 2007). Under that standard, the court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Id.* The court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true. To state a valid claim, a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id.*

## II. 11 U.S.C. § 523(a)(15)

Section 523(a)(15) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), effective October 17, 2005. Because Defendant's bankruptcy case was filed after that date, Plaintiff's complaint is governed by the amended statute, which provides in relevant part as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
> . . . .
>      (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15).

Generally, this section governs the dischargeability of debts incurred in connection with property settlements and hold harmless agreements set forth in divorce decrees and separation agreements. Prior to the enactment of BAPCPA, § 523(a)(15) provided certain affirmative defenses, which, if established, permitted a court to discharge such debts, notwithstanding that they otherwise fell within the scope of that subsection. 11 U.S.C. § 523(a)(15)(A) & (B) (2004). Also before BAPCPA was enacted, debts that fell within the scope of § 523(a)(15) were automatically discharged unless a creditor invoked the equitable powers of the bankruptcy court by filing an adversary proceeding seeking a determination that the debt was nondischargeable. 11 U.S.C. § 523(c)(1) (2004). BAPCPA, however, eliminated the affirmative defenses in former subsections (A) and (B) and made property settlement debts encompassed under § 523(a)(15) unqualifiedly nondischargeable. *Blackburn v. Blackburn (In re Blackburn)*, 412 B.R. 710, 712 (Bankr. W.D. Pa. 2009) (quoting 4 *Collier on Bankruptcy* ¶ 523.21 (15th ed. Rev.) and stating that Congress amended § 523(c)(1) to add debts referred to in § 523(a)(15) to the list of debts "that will be automatically

3

discharged unless a creditor files an adversary proceeding in the bankruptcy court to have the debt declared nondischargeable). Thus, the court now has the following very narrow inquiry in determining whether a debt is excepted from discharge under this section: the debt must (1) be to a spouse, former spouse or child of the debtor; (2) not be of the type described in paragraph 5 of § 523, which excepts domestic support obligations; and (3) have been incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court.

In his answer, Defendant admits that the Separation Agreement, incorporated into the Dissolution Decree, requires him to pay the Chase credit card account and to hold Plaintiff harmless thereon. This provision created a new obligation running from Defendant to Plaintiff. *Cf. Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 204-05 (B.A.P. 6th Cir. 1998) (finding the debtor's obligation set forth in the divorce decree to pay a joint prepetition debt created an additional obligation in favor of his ex-wife to pay the debt notwithstanding the absence of a hold harmless provision). This is a separate obligation owed to Plaintiff that was incurred under the divorce decree as distinguished from Defendant's obligation owed to Chase Bank under the credit card agreement. *See id.* And the Separation Agreement provides that neither party is responsible for payment of spousal support to the other, nor does it refer to any children of the marriage or child support obligation. [Doc. # 1, Complaint, ¶ 5, Ex. A, Separation Agreement].[1] The plain language of the statute provides that all such debts owed to a former spouse that are not support obligations are nondischargeable.

As discussed above, however, § 523(a)(15) only excepts from discharge debts owed to a spouse, former spouse or child of the debtor. To the extent that Plaintiff's Motion seeks an order that the debt owed by Defendant directly to Chase Bank is nondischargeable under § 523(a)(15), the Motion will be denied. "Such debts not being owed to a spouse, former spouse or child of the debtor are not excepted from discharge under this subsection." *Sears v. Sears (In re Sears)*, No. 07-3175, 2008 WL 111231, *3, 2008 Bankr. LEXIS 40, *8 (Bankr. N.D. Ohio Jan. 8, 2008).

Finally, in the complaint, Plaintiff seeks an award of the costs of this action, including court cost of $250.00. However, as discussed above, Plaintiff was not required to commence this adversary proceeding.

---

[1] Paragraph five of the Complaint states that the Dissolution Decree and Separation Agreement is "attached hereto as Exhibit A." Rule 10(c) allows the incorporation of exhibits or writings attached to a pleading, Fed.R.Civ.P. 10(c), and "makes them an integral part of the pleadings for all purposes." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1327 (2d ed.1990). Although, in his answer, Defendant neither admits nor denies paragraph five of the complaint, an allegation is admitted if it is not denied. Fed. R. Civ. P. 8(b)(6); Fed. R. Bankr. P. 7008.

4

The debt owed to her by Defendant was nondischargeable without her taking any action at all. Moreover, according to Defendant's averments in his answer, he had made it clear before this proceeding was commenced that he agreed the debt is nondischargeable. Under these circumstances, the court finds an award of costs unwarranted.

## CONCLUSION

For the foregoing reasons, the court will grant Plaintiff's Motion only to the extent that it seeks a determination that the obligation owed by Defendant to Plaintiff pursuant to the Dissolution Decree to hold her harmless as to the Chase credit card debt is nondischargeable but will deny the Motion to the extent it seeks a nondischargeability determination as to the debt owed by Defendant directly to Chase Bank.

For good cause shown,

**IT IS ORDERED** that Plaintiff's Motion for Judgment on the Pleadings [Doc. #12] is **GRANTED** in part, with Plaintiff entitled to judgment in her favor on the Complaint to the extent that it seeks to have Defendant hold her harmless as to the Chase credit card debt and **DENIED** in part, with Plaintiff not entitled to judgment in her favor on the Complaint to the extent that it seeks a nondischargeability determination as to the debt owed by Defendant directly to Chase Bank. The court will enter a separate judgment in accordance with this memorandum of decision.

5